Jerry CHARLES, Plaintiff–Appellant,

v.

Raymond D. REICHEL and Vern Ponto, Defendants–Appellees.

No. 02–2439.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2003.*

Decided June 9, 2003.

* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Wisconsin inmate Jerry Charles sued Sergeant Raymond Reichel and Lieuten- ant Vern Ponto–employees at Oshkosh Correctional Institution–under 42 U.S.C. § 1983 for placing him in "temporary lock-up," allegedly in retaliation for filing a complaint against Reichel. The district court granted summary judgment in favor of the defendants, concluding that Charles had failed to exhaust his administrative remedies with respect to Ponto and that Charles had failed to establish that Ponto would not have placed him lockup if he had not filed the complaint against Reichel. We affirm.

In March 2001 two inmates told Reichel that Charles was circulating a petition among the inmates alleging an "intimate relationship" between Reichel and Traci Gagne, another correctional officer. Rei- chel reported the information to Ponto, who told Reichel that they could not act on the basis of inmate rumors but that he would look into the matter if the inmates submitted their information in writing. Later that day the two inmates submitted written statements.

That evening Ponto held routine hear- ings for inmate conduct reports, one of which concerned unrelated charges against Charles. After Ponto found Charles guilty of one of the unrelated charges, Charles complained to Ponto that Reichel had been harassing him. Ponto then decided to place Charles in "non-punitive temporary lockup." In a sworn affidavit, Ponto as- serts that he placed Charles in lockup to remove him from his cell while Ponto in- vestigated the existence of the petition and Charles's complaints against Reichel. Ponto then ordered Reichel to search Charles's cell for contraband, including a petition or any document pertaining to "group resistance." He also directed Rei- chel to pack Charles's property to be transferred to temporary lockup.

Reichel did not find a petition during his search of Charles's cell. Later that evening, Reichel and another correctional officer inventoried Charles's property for transfer, and they then found a copy of an "Offender Complaint" written by Charles alleging harassment by Reichel and an intimate relationship between Reichel and Gagne. In his sworn affidavit, Reichel asserts that this was the first time that he had seen Charles's complaint. Charles, however, contends that Reichel already knew of the complaint because earlier that day, in Reichel's presence, Charles had told two inmates that he was filing a complaint against Reichel and that he did so as he placed it in the complaint box.

A few days later Charles spoke with a complaint examiner about his allegations against Reichel. Charles withdrew his complaint after speaking with the examiner. Ponto then released Charles from temporary lockup because there was nothing left to investigate. Charles then filed another complaint regarding Reichel and Ponto:

> Sgt. Reichel came and conducted a room search on 3–1–01, around 5:50 pm. I stood outside the door and observed everything that he searched. He came across 2 copies of "ICI"[1] that I filed previously. He read them and I immediately told James Perry in P–Bldg. Rm. # 95 that he's reading copies of my ICI. Around 7:00 pm I was going on a minor ticket for "Doorway Visiting" and Sgt. Reichel was called in the ticket hearing room and said that I was disruptive doing the "Doorway Visiting." After being found guilty I was placed in TLU for "Lying on Staff" by Lt. Ponto. If he wouldn't never read my copies of

the ICI I would not be TLU. Complaint system is suppose to be private.

The complaint was denied, as was Charles's administrative appeal. Charles then filed this suit in the district court.

■ Charles first challenges the district court's dismissal of his claim against Ponto for failure to exhaust administrative remedies. The district court held that Charles's prison complaint did not sufficiently allege that Ponto locked him up in retaliation for filing a complaint. But unless a state has established a rule or regulation prescribing the contents of such a complaint or grievance,[1] the inmate "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David*, 297 F.3d 646, 649 (7th Cir.2002). A grievance is sufficient for exhaustion purposes "if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650. Charles's prison complaint alleged that Ponto wrongly placed him in temporary lockup because Reichel had read his earlier complaint. Although Charles did not specifically allege Ponto's retaliatory motive, the complaint alerted the prison to the alleged wrongdoing. Thus, Charles has exhausted his administrative remedies regarding his claim against Ponto.

■ We next consider whether the district court correctly granted summary judgment to Reichel. Summary judgment is appropriate when there are no genuine issues regarding material facts. *Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002). To establish a § 1983 claim based on retaliation for exercising rights under the First Amendment, the plaintiff must prove that "(1) his conduct was constitutionally protected; and (2) his conduct was

---

1. Charles's reference to "ICI" appears to be to his "Offender Complaint" against Reichel.

1. Wisconsin requires only that inmates "clearly identify" the issue in their complaints. Wis. Admin. Code § DOC 310.09.

a 'substantial factor' or 'motivating factor' in defendant's challenged actions." *Id.* at 654 (citations omitted). Charles satisfies the first element because prisoners have a constitutional right of access to the courts, which includes the right to file prison grievances in order to exhaust administrative remedies. *See DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir.2000). To satisfy the second element, Charles must establish that the challenged action–his placement in temporary lockup–would not have occurred "but for" the filing of his complaint. *Abrams,* 307 F.3d at 654. He must satisfy his burden with "definite, competent evidence," not with "mere speculation" or "unreasonable inferences." *See id.* at 657. If Charles is able to satisfy that element, then the defendants must prove that they "would have taken the same actions even in the absence of the protected conduct." *Id.* at 654; *accord Smith v. Campbell,* 250 F.3d 1032, 1037 (6th Cir.2001); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir.1996).

Charles has offered no competent evidence to prove that his protected conduct was a "but for" cause of his placement in lockup. His speculation that Ponto retaliated against him for filing a complaint against Reichel is insufficient to undermine Ponto's explanation for placing him in lockup. Charles does not deny that two inmates filed written statements accusing him of circulating a petition against Reichel. Moreover, Charles admits that he complained to Ponto that Reichel was harassing him. Thus, there is "definite, competent evidence" supporting Ponto's explanation for placing Charles in temporary lockup, while Charles merely speculates that his placement in lockup was in retaliation for filing a complaint against Reichel. The undisputed evidence shows that Ponto would have placed Charles in lockup regardless of whether Reichel knew of the complaint against him. Moreover, Charles failed to establish a link between Reichel's alleged knowledge of the complaint and Ponto's decision to place Charles in lockup. Accordingly, the district court correctly granted summary judgment to Reichel. And because this rationale applies equally to Charles's claim against Ponto, we affirm the grant of summary judgment to him as well, even though the district court erred on the exhaustion question.

AFFIRMED.